IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR25** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **FINNER LEE BRYANT,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 62.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Court has also considered the Defendant's motion for downward departure and supporting brief (Filing Nos. 64, 65). With respect to the issue of post-offense rehabilitation,[1] the Eighth Circuit Court of Appeals has offered considerable guidance. The Eighth Circuit has stated that such efforts are already considered under U.S.S.G. § 3E1.1 when the issue of acceptance of responsibility is decided. *United States v. Swick,* 334 F.3d 784, 789 (8th Cir. 2003). And even more importantly, the Eighth Circuit has stated that whenever it has affirmed a downward departure based on extraordinary rehabilitation it has done so only when the rehabilitation began before prosecution. *Id.* In Bryant's case, he was released five months after he was indicted, and he was obligated to attend treatment pursuant to his pretrial release conditions if required by his supervising probation officer. Therefore, the Court concludes that, while Bryant's rehabilitative efforts are commendable,

---

[1] The Defendant does not argue that pre-offense or pre-arrest rehabilitation are factors.

they have been appropriately considered and rewarded through a three-level downward adjustment for acceptance of responsibility. Bryant's remaining arguments will be addressed at sentencing.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the Revised PSR is correct in all respects;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

5. The Defendant's motion for downward departure (Filing No. 64) will be heard at sentencing.

DATED this 23rd day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge